IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

LUFKIN DIVISION

| | | |
|---|---|---|
| JOSE DE JESUS GONZALEZ | § | |
| VS. | § | CIVIL ACTION NO. 9:23-CV-85 |
| DIRECTOR, TDCJ-CID | § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Petitioner Jose De Jesus Gonzalez, a prisoner confined at the Wynne State Farm, proceeding *pro se*, brings this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner challenges the Texas Board of Pardons and Paroles' decision to deny him release on parole.

The petition was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636 for findings of fact, conclusions of law, and recommendations for the disposition of the case.

Analysis

As a prerequisite to obtaining relief under § 2254, a prisoner must first exhaust available state remedies. 28 U.S.C. 2254(b). A prisoner has not exhausted remedies "if he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c). To comply with the exhaustion requirement, the petitioner must fairly present his claim to the appropriate state court before filing a petition in federal court. *Picard v. Connor*, 404 U.S. 270, 275 (1971); *Morris v. Dretke*, 379 F.3d 199, 204 (5th Cir. 2004). In Texas, all claims must be presented to, and ruled on by, the Texas Court of Criminal Appeals. *Tigner v. Cockrell*, 264 F.3d 521, 526 (5th Cir. 2001); *Richardson v. Procunier*, 762 F.2d 429, 431-32 (5th Cir. 1985). The claims may be presented to the Texas Court of Criminal Appeals during the direct appeal process or in a collateral

attack brought pursuant to Article 11.07 of the Texas Code of Criminal Procedure. *Myers v. Collins*, 919 F.2d 1074, 1076 (5th Cir. 1990).

In this case, Petitioner has an available state remedy under Article 11.07. *Ex parte Geiken*, 28 S.W.3d 553, 556 (Tex. Crim. App. 2000) (holding that claims concerning parole and mandatory supervision can be raised in an Article 11.07 application for habeas relief). Because Petitioner admits that he did not file a state application for habeas relief concerning the parole review, he has not exhausted his claims.

Generally, petitions raising unexhausted grounds for relief are dismissed. *Rose v. Lundy*, 455 U.S. 509, 519-20 (1982); *Smith v. Quarterman*, 515 F.3d 392, 400 (5th Cir. 2000). The district court may only excuse the petitioner's failure to exhaust in two instances. The first exception allows a federal court to consider the merits of an unexhausted claim if there is not an available state remedy. 28 U.S.C. § 2254(b)(1)(B)(i). Second, the court may consider the merits of an unexhausted claim if circumstances exist that render the state process ineffective to protect the petitioner's rights. 28 U.S.C. § 2254(b)(1)(B)(ii). *See also Duckworth v. Serrano,* 454 U.S. 1, 3 (1981); *Panetti v. Davis*, 863 F.3d 355, 374 (5th Cir. 2017).

In this case, Petitioner has an available state remedy, and he has not demonstrated that the state process is ineffective to protect his rights. Therefore, Petitioner's failure to exhaust his claims in the state courts before bringing them in federal court is not excusable in this instance. This petition should be dismissed without prejudice to allow Petitioner to exhaust state court remedies.

### Recommendation

This petition for writ of habeas corpus should be dismissed without prejudice.

<u>Objections</u>

Within fourteen days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings of facts, conclusions of law and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(C).

Failure to file written objections to the proposed findings of facts, conclusions of law and recommendations contained within this report within fourteen days after service shall bar an aggrieved party from the entitlement of *de novo* review by the district court of the proposed findings, conclusions and recommendations and from appellate review of factual findings and legal conclusions accepted by the district court except on grounds of plain error. *Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc); 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72.

SIGNED this 20th day of October, 2023.

_____
Zack Hawthorn
United States Magistrate Judge